*676 OPINION.
Siepkin :
Our view of the question as to the statute of limitations involved in this case is such that we do not deem it necessary to enter into a discussion of the merits of the controversy. Except for the provisions of section 278 (b) of the Revenue Acts of 1924 and 1926, which are similar to a portion of section 250 (d) of the Revenue Act of 1921, the assessment and collection of the deficiency would be barred. Section 278 (b) of the Revenue Acts of 1924 and 1926 provides:
Any deficiency attributable to a change in a deduction tentatively allowed under paragraph (9) of subdivision (a) of section 214, or paragraph (8) of subdivision (a) of section 234, of the Revenue Act of 1918 or the Revenue Act of 1921, may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.
Sections 214 (a) (9) and 234 (a) (8) relate to the deduction for amortization of war facilities.
The respondent argues that when the returns of the petitioner containing the deduction of $212,906.75 for amortization of war facilities were received by the collector of internal revenue, there was a tentative allowance of the deduction. We can not agree with this argument. The responsibility for the return is that of the taxpayer. The fact is, in this proceeding, that the first time this deduction came before the Bureau of Internal Revenue for allowance or disallowance *677 it was tentatively disallowed, and the petitioner was so notified in the so-called 30-day letter which, in the procedure of the Bureau, is the tentative action. That letter states:
Amortization as shown by schedule herein has been disallowed, subject to review by Department.
The disallowance was of the entire amount claimed by the petitioner. It is our opinion that the deduction was not tentatively allowed so as to make the statute of limitations inoperative. A contrary holding would have the effect of holding that there was no statute of limitations operative where the deduction for amortization was being considered. The language of 278 (b) above negatives such a conclusion. In view of the proceeding, it is unnecessary to discuss other aspects of the case.
Reviewed by the Board.

tJudgment of no deficiency will be entered.

Love concurs in the result.
Smith, Arundell, Milliken, and Van Fossan, dissent.